ELLIOT *v.* THE STAFFORD.

*(District Court, N. D. Illinois.* March 14, 1889.)

COLLISION—BETWEEN SAILING VESSELS—FOG-SIGNALS.

The schooner M. was, between 4 and 5 A. M., running close-hauled on the port tack between Cat-Head point and the Manitou islands, Lake Michigan. Her course was about west-south-west, with the wind south by west. There was a dense fog, and two blasts of her fog-horn were sounded at proper intervals. Hearing a single blast of a fog-horn from a schooner, which proved to be the S., over the M.'s starboard bow, the M.'s captain assumed that she was running about south-east, close hauled on the starboard tack, and immediately ported, and went off two points to starboard, when, hearing another single blast about ahead, he ported another point, bringing his course west by north, which he held until the S. was disclosed through the fog running

about east-north-east, and so close that collision was inevitable. The S. claimed that the wind was south-south-east, but the evidence showed that it was from south by west to south-south-west, thus giving the S. the wind free. *Held,* that as by the supplemental rule 12, new sailing rules 1883, a vessel with the wind free is required to sound three blasts on her fog-horn, the S. was at fault in giving an improper signal.

In Admiralty.   Libel for collision.

*Schuyler & Kremer,* for libelant.

*W. H. Condon,* for respondent.

BLODGETT, J.   The libelant, as owner of the schooner Morning Star, seeks to recover damages sustained by his schooner from a collision with the Stafford on the waters of Lake Michigan.   It appears from the pleadings and proofs that the Morning Star, bound on a voyage from Torch Lake to Chicago, with a cargo of cedar, was, between 4 and 5 o'clock in the morning of May 24, 1887, running close-hauled on the port tack between Cat-Head point and the Manitou islands.   Her course was about west-south-west, with the wind south by west.   There was a dense fog, and two blasts of her fog-horn were being regularly sounded at intervals not to exceed two minutes, when one blast of a fog-horn from a schooner, which proved to be the Stafford, was heard over the starboard bow of the Morning Star.   Her captain, who was officer of the deck at the time, hearing the single-blast signal from the Stafford, assumed that she was running about south-east, close-hauled on the starboard tack, and at once ordered his wheel put to port, and went off two points to starboard, when he got the Stafford's horn—still a single blast—about ahead, when he ported another point, bringing his course west by north, and held this course until the Stafford was disclosed through the fog, running about east-north-east, and so close that a collision was then inevitable.   The wheel of the Stafford was put to port, and the port bow of the Stafford struck the port bow of the Morning Star, doing the damage complained of.

I think the whole case turns upon the direction of the wind.   It is claimed on the part of the Stafford that the wind was south-south-east, while a clear preponderance of the proofs from the deck of the Morning Star, and from the decks of the schooners Simmons, Starke, and Nelson, that were in the immediate vicinity and hearing of the accident, makes the wind from south by west to south-south-west.   All the proof from the Stafford and the Morning Star makes the course of the Stafford from east by north to east-north-east; and with the wind south, or from any point west of south, the Stafford must have had the wind free,—that is, she had it from abaft the beam,—as I understand that, when a sailing vessel has the wind a-beam, or abaft the beam, she has the wind free. And all agree that if the Stafford had the wind free she should have blown signals of three blasts upon her fog-horn.   See Supplemental Rule 12, New Sailing Rules of March 1, 1883.   When the master of the Morning Star heard the signal of a single blast from the Stafford's fog-horn, he had the right to conclude that the Stafford was running close-hauled

on the starboard tack, and it was a proper thing for him to put his wheel to port, so as to pass astern of the Stafford, as the Morning Star was on the port tack, and obliged to keep out of the way of the Stafford on the starboard tack, unless he knew the Stafford had the wind free. If the Stafford had been sounding a signal of three blasts, the master of the Morning Star would have understood it was his duty to keep his course, and that it was the duty of the Stafford to keep out of the way, according to rule 17 of the new rules of March 1, 1883; but the master of the Morning Star was misled, and caused to change his course, by the erroneous signal of the Stafford; and while the change of the Morning Star's course may have brought about the collision, such change was made through the fault of the Stafford in not sounding the proper signal required by usage and the sailing rules. A decree for damages may be entered in favor of the libelant.